1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEPHANIE ANN GUMBER,

Plaintiff,

v.

KEITH FAGUNDES, et al.,

Defendants.

Case No.  21-cv-03155-PJH

**ORDER (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND (2) DISMISSING COMPLAINT WITHOUT PREJUDICE**

Re: Dkt. No. 11

The court has reviewed Chief Magistrate Judge Joseph C. Spero's Report and Recommendation Re: plaintiff's motion to remove (Dkt. 8) and plaintiff's motion for emergency injunction (Dkt. 10).  The court finds the report correct, well-reasoned and thorough, and adopts it in every respect.  Accordingly, plaintiff's motion to remove is **DENIED**, and plaintiff's motion for emergency injunction is **DENIED**.

In addition to considering plaintiff's motions, Judge Spero suggested that the complaint be dismissed pursuant to Title 28 U.S.C. § 1915(e) for failure to state a claim on which relief may be granted.  Plaintiff filed an "opposition to motion to dismiss" on July 22, 2021, which the court construes as an objection to the report.  Dkt. 13.  To the extent plaintiff's brief of July 22 serves as an objection to the report, it is **OVERRULED**.  The court considers the issue of dismissal below.

**A.    Legal Standard**

Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor."  However, in reviewing an application to proceed in forma pauperis, the

court may dismiss a case sua sponte if the court determines that the party applying for in forma pauperis status has failed to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing Lopez v. Smith, 203 F.3d 1122, 1127-31 (9th Cir. 2000)). A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Under Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).

While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 558-59 (2007). Where dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

**B.    Discussion**

In the caption of the complaint, plaintiff lists the following causes of action: (1) violation of Title 18 U.S.C. § 241; (2) violation of Title 42 U.S.C. § 1983; (3) violation of Title 18 U.S.C. § 1964(C) (RICO); (4) violation of Title 18 U.S.C. § 1341; (5) Title 18 U.S.C. § 1201(c); (6) Title 19 U.S.C. § 912; (7) "violation of Federal Law Foreign Agent Registration Act of 1937" (22 U.S.C. § 611 et seq.); and (8) violation of Title 18 U.S.C. § 1702. Plaintiff refers within the body of the complaint to claims for (9) Title 42 U.S.C.

1   § 1986; (10) Title 18 U.S.C. § 242; and (11) Title 34 U.S.C. § 12601.

2          As recommended in the report, the court concludes that the claims under 18

3   U.S.C. §§ 241, 242, 912, 1341, 1702, and 1201(c); 22 U.S.C. § 611 et seq.; and 34

4   U.S.C. § 12601 all must be dismissed because there is no private right of action as to

5   those claims.

6          Similarly, the claim under Title 42 U.S.C. § 1986 is dismissed with prejudice

7   because plaintiff does not allege a claim under Title 42 U.S.C. § 1985.  See Karim-

8   Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988).

9          The claim under Title 18 U.S.C. § 1964(C), for violations of the Racketeer

10  Influenced and Corrupt Organizations Act ("RICO"), is dismissed because the plaintiff

11  does not allege a plausible claim for relief.  A plaintiff may pursue a civil remedy for a

12  RICO violation that proximately caused the plaintiff a cognizable injury.  Anza v. Ideal

13  Steel Supply Corp., 547 U.S. 451, 453 (2006).  Plaintiff's complaint fails to identify a

14  RICO violation and fails to allege any facts that a RICO violation proximately caused her

15  harm, so plaintiff fails to state a claim for a RICO violation under Title 18 U.S.C.

16  § 1964(c).  However, the court grants plaintiff leave to amend this claim.

17         The claim under § 1983 is also dismissed.  As noted by Judge Spero, a prosecutor

18  is entitled to absolute immunity with respect to conduct that is "intimately associated with

19  the judicial phase of the criminal process."  Dkt. 11 at 7 (quoting Imbler v. Pachtman, 424

20  U.S. 409, 427, 430-431 (1976)).  Plaintiff's § 1983 claim is premised on defendants'

21  efforts to charge her with a crime and advancing their criminal case against her in state

22  court.  Plaintiff's § 1983 claim is therefore dismissed with prejudice based on

23  prosecutorial immunity.  However, to the extent plaintiff intends to assert a constitutional

24  violation for something other than her prosecution, plaintiff is granted leave to amend.

25         **C.      Conclusion**

26         For the reasons stated above, all claims in the complaint are **DISMISSED** under

27  28 U.S.C. § 1915 on the basis that the complaint fails to state any valid claim.  Plaintiff

28  cannot cure the defects associated with her claims under Titles 18 U.S.C. §§ 241, 242,

United States District Court
Northern District of California

3

1   912, 1341, 1702, and 1201(c); 22 U.S.C. § 611 et seq.; and 34 U.S.C. § 12601 because

2   there is no private right of action as to those claims.  Therefore, those claims are

3   **DISMISSED WITH PREJUDICE**.  The claim under Title 42 U.S.C. § 1986 is **DISMISSED**

4   **WITH PREJUDICE** because plaintiff does not allege a claim under Title 42 U.S.C.

5   § 1985.

6         Going forward, plaintiff may not seek to litigate any of the claims dismissed with

7   prejudice.  Plaintiff may amend her complaint with respect to only the RICO and § 1983

8   claims dismissed without prejudice as specified in this order.  The court allows plaintiff **30**

9   **days** from the date of this order to file a first amended complaint correcting all

10  deficiencies in those two claims.  No new claims or parties may be added without the

11  agreement of defendants or leave of court.

12        **IT IS SO ORDERED.**

13  Dated: August 11, 2021

14                                    _/s/ Phyllis J. Hamilton_____

15                                    PHYLLIS J. HAMILTON
                                      United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California